UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MILDRED MENSENDIEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-1954 |
| | ) |
| TRILOGY MANAGEMENT SERVICES, LLC | ) |
| d/b/a TRILOGY HEALTH CARE LLC | ) |
| d/b/a PARAGON REHABILITATION | ) |
| a/k/a SYNCHRONY REHAB, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Mildred Mensendiek ("Mensendiek"), brings this action against Defendant, Trilogy Management Services, LLC d/b/a Trilogy Health Care LLC d/b/a Paragon Rehabilitation a/k/a Synchrony Rehab ("Defendant"), for unlawfully violating her rights as protected by the Family and Medical Leave Act ("FMLA").

**PARTIES**

2. Mensendiek has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 29 U.S.C. § 2617(a)(2).

5. Mensendiek was an "employee" within the meaning of 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4).

7. Between January 1, 2020, and June 30, 2020, Mensendiek was an "eligible employee" as that term is defined by the FMLA.

8. Mensendiek had a "serious health condition," as that term is defined by the FMLA, in 2020.

9. Mensendiek's husband had a "serious health condition," as that term is defined by the FMLA, in 2020.

10. Since January 1, 2019, Defendant has employed 50 or more employees within a 75-mile radius of the location at which Mensendiek worked.

11. Mensendiek worked 1,250 or more hours in the 12-month period preceding April 7, 2020.

12. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

13. Defendant hired Mensendiek to be a Physical Therapist at one of its facilities in Bedford, Indiana, in or about March 2017.  She primarily worked at the Stonebridge campus, but worked at other facilities as needed.

14. Mensendiek worked full time and supervised Physical Therapy Assistants before her FMLA leave.

15. Mensendiek's work performance met, and even exceeded, Defendant's legitimate expectations at all relevant times.

16. On or about April 7, 2020, Mensendiek's husband tested positive for coronavirus.

17. Mensendiek then applied for and was approved for FMLA leave for her husband until on or about May 1, 2020.

18. On or about April 21, 2020, Mensendiek tested positive for coronavirus.

19. Mensendiek applied for and was approved for extended FMLA until on or about May 31, 2020.

20. Mensendiek returned to work on or about June 2, 2020.

21. Upon Mensendiek's return, Defendant substantially reduced her work days per week and her daily work hours.

22. Defendant materially changed her duties.

23. Defendant did not restore Mensendiek to the same or equivalent position upon her return to work as she held before her FMLA leave.

24. On or about June 18, 2020, Mensendiek complained to Area Manager Vic Ramos ("Ramos") about Defendant's failure to restore her to the same or equivalent position upon her return to work from FMLA leave. She informed Ramos that her hours and duties had been substantially reduced and/or changed. She told him that there was enough therapy caseload to increase her hours. Mensendiek asked him to restore her to her full-time position. Ramos ignored her complaint and denied her request.

25. On or about June 29, 2020, Mensendiek complained, via email, to Ramos and Vice President of Operations Paula Rabbeth ("Rabbeth") that she had not been reinstated to her full-time position as the Physical Therapist at the Stonebridge campus. Mensendiek advised them that her hours had been significantly decreased and her duties had changed. She noted that her role had "changed from a supervising and treating therapist to just supervising, completing evals, updating plan of care and completing discharge summaries, unless another staff is off using PTO which I do treatments then." She asked to receive work days and hours

substantially similar to those worked by other therapy staff members, as had been the case before she took FMLA leave.

26. On or about July 1, 2020, Mensendiek spoke with Ramos and Rabbeth about her email.

27. Mensendiek renewed her complaint about Defendant's failure to restore her to the same or equivalent position upon returning from FMLA leave.

28. Mensendiek mentioned that the Stonebridge campus had sufficient caseload to support an increase in her work hours and days.

29. Rabbeth told Mensendiek that Defendant cut her work hours and days as part of a business plan so that they could pay her and other therapists, yet other therapy staff members continued working five days per week.

30. Ramos then called and informed Mensendiek that Defendant was taking away a significant portion of her supervisory duties.

31. Ramos informed Mensendiek that she would no longer be supervising the Stonebridge Physical Therapy Assistants, unless she was working on the campus. If she was not on campus and was working at another campus, then other Physical Therapists at other campuses would supervise the Physical Therapy Assistants.

32. Mensendiek told Ramos that she could continue supervising both inside and outside the facility as she had done before her FMLA leave. He rejected her offer.

33. Mensendiek then complained that Defendant had not protected her job when she returned from FMLA leave and was being singled out for her FMLA leave as all other therapy staff continued to work five days per week.

34. Other employees at Defendant maintained their full-time hours.

35. Mensendiek resigned her employment on or about April 20, 2021 because of the reduced hours and duties.

36. Defendant has accorded more favorable employment terms and conditions to similarly-situated employees, who have not requested and/or not taken FMLA leave.

37. Defendant has taken adverse employment actions against Mensendiek because of her FMLA leave.

38. Any reason proffered by Defendant for the adverse actions it took against Mensendiek is pretextual.

39. Mensendiek has suffered injury and harm as a result of Defendant's unlawful actions.

## VIOLATIONS OF THE FMLA

40. Mensendiek hereby incorporates paragraphs 1-39 of her Complaint.

41. Mensendiek asked for and took FMLA leave for herself and her husband.

42. Defendant interfered with Mensendiek's substantive FMLA rights.

43. Defendant took adverse employment actions against Mensendiek because of her FMLA requests and/or FMLA qualifying leaves.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mensendiek's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mildred Mensendiek, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Mensendiek;

2. Defendant pay liquidated damages to Mensendiek;

3. Defendant pay pre- and post-judgment interest to Mensendiek;

4. Defendant pay Mensendiek's attorneys' fees and costs incurred in litigating this action; and

5. Defendant pay to Mensendiek any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

                                Respectfully submitted,

                                John H. Haskin, Attorney No. 7576-49
                                Bradley L. Wilson, Attorney No.  21154-49
                                JOHN H. HASKIN & ASSOCIATES
                                255 North Alabama Street, 2nd Floor
                                Indianapolis, Indiana  46204
                                Telephone:     (317)955-9500
                                Facsimile:     (317)955-2570
                                Email:            jhaskin@jhaskinlaw.com
                                Email:            bwilson@jhaskinlaw.com
                                Attorneys for Plaintiff, Mildred Mensendiek

## **DEMAND FOR JURY TRIAL**

Plaintiff, Mildred Mensendiek, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email:            jhaskin@jhaskinlaw.com
Email:            bwilson@jhaskinlaw.com
Attorneys for Plaintiff, Mildred Mensendiek